UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| WILLARD LAND, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) No.: 1:22-CV-278-KAC-CHS |
| SHARON ROSE, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Willard Land's pro se "Petition Under 28 U.S.C. § 2254" (Section 2254 Petition), [Doc. 1], and "Respondent's Motion to Dismiss Time Barred Habeas Corpus Petition," [Doc. 11]. For the reasons set forth below, the Court **GRANTS** Respondent's Motion to Dismiss and **DISMISSES** Petitioner's Section 2254 Petition with prejudice.

**I.     BACKGROUND**

In January 2015, a Sequatchie County, Tennessee Grand Jury indicted Petitioner for first-degree premeditated murder. *See State v. Land*, No. M2019-02121-CCA-R3-CD, 2020 WL 821273, *1 (Tenn. Crim. App. Feb 19, 2020), *perm. app. denied* (Tenn. July 20, 2020). Following a trial, a jury found Petitioner guilty of second-degree murder in February 2018. *Id.* The Sequatchie County Court sentenced Petitioner to a term of thirty-five (35) years' incarceration. *Id.* Petitioner appealed to the Tennessee Court of Criminal Appeals, which affirmed. *See id.* On July 20, 2020, the Tennessee Supreme Court denied Petitioner's application for permission to appeal [*See* Doc. 12-1]. Petitioner did not seek certiorari review by the United States Supreme Court, nor did he pursue any further post-conviction relief in State court [*See* Doc. 1 at 3].

On October 17, 2022, Petitioner filed his Section 2254 Petition [Doc. 1]. The Section 2254 Petition does not state grounds for relief [*See id.* at 5-12]. However, the Section 2254 Petition asserts that the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar his Section 2254 Petition because Petitioner does not have a lawyer and "the due [process] of the law" was "never explain[ed]" to him [*Id.* at 13]. The Court directed Respondent to respond to the Section 2254 Petition [Doc. 10]. Respondent filed the instant Motion to Dismiss, asserting that Petitioner's Section 2254 Petition "is facially inadequate," "fails to state a claim," and "is time barred by the one-year limitations period" [Doc. 11 at 1]. Petitioner failed to respond to the Respondent's Motion, and the deadline to do so has passed. *See* E.D. Tenn. L.R. 7.1. Accordingly, this matter is ripe for adjudication.

## II. LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations for Section 2254 petitions:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitation period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2).

Section 2255, however, "is subject to equitable tolling in appropriate cases." *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "A 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Equitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the petitioner retaining the 'ultimate burden of persuading the court that he or she is entitled to equitable tolling.'" *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012) (quoting *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011)). "[I]gnorance of the law alone is not sufficient to warrant equitable tolling." *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).

A "credible showing of actual innocence" may also suffice to overcome the AEDPA's limitation period. *McQuiggin v. Perkins*, 569 U.S. 383, 392-98 (2013). To establish actual innocence, a petitioner must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 327-28 (1995) (internal quotation marks omitted)).

### III. ANALYSIS

Here, Petitioner's Section 2254 Petition is untimely. Petitioner's conviction became final on October 18, 2020 when the time to seek certiorari review by the United States Supreme Court following the Tennessee Supreme Court's denial of discretionary review on direct appeal expired

3

[July 20, 2020 + 90 days = October 18, 2020]. *See Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (holding that where petitioner does not seek certiorari review, judgment becomes final at "expiration of the time for seeking such review"); *see also* Sup. Ct. R. 13.1 (allowing petitioner ninety (90) days from "entry of the judgment or order sought to be reviewed" to file a timely petition for certiorari). AEDPA's one-year limitation period for Petitioner to file a federal habeas petition began running the following day, October 19, 2020, and expired on October 19, 2021. *See* 28 U.S.C. § 2244(d).

Petitioner filed his Section 2254 Petition on or about October 17, 2022, almost one year after the limitation period expired [*See* Doc. 1]. Petitioner attributes the tardiness of his Section 2254 Petition to the fact that he did not have an attorney and was not aware that a federal habeas action was an option for relief [*See* Doc. 1 at 13]. But "an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citations omitted). And "ignorance of the law alone is not sufficient to warrant equitable tolling." *See Rose*, 945 F.2d at 1335. Further, Petitioner has not alleged—nor did the Court identify—any other facts that would entitle him to equitable tolling. And he has not made a credible showing of actual innocence. *See McQuiggin*, 569 U.S. at 392-98. Accordingly, the instant petition is untimely and must be dismissed.[1]

## IV. CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability (COA) upon the entry of a final order adverse to Petitioner. Additionally, Petitioner must obtain a COA before he can appeal this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because the Court rejects Petitioner's Section

---

[1] Because Petitioner's Section 2254 Petition is time-barred, the Court need not address Respondent's alternative grounds for dismissal [*See* Doc. 12 at 2-3].

4

Case 1:22-cv-00278-KAC-CHS   Document 15   Filed 06/22/23   Page 4 of 5   PageID #: 24

2254 Petition on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" for a COA to issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, no reasonable jurist would debate whether the Court's procedural ruling is correct. Accordingly, the Court **DENIES** a COA. Further, any appeal from this Memorandum Opinion and Order would not be taken in good faith. As such, if Petitioner files a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* Fed. R. App. 24.

V. **CONCLUSION**

For the reasons set forth herein, the Court **GRANTS** "Respondent's Motion to Dismiss Time Barred Habeas Corpus Petition" [Doc. 11] and **DISMISSES** Petitioner's Section 2254 Petition [Doc. 1] with prejudice. The Court **DENIES** a certificate of appealability and **DENIES** leave to appeal *in forma pauperis*. An appropriate judgment order will enter.

IT IS SO ORDERED.

s/Katherine A. Crytzer<br>
KATHERINE A. CRYTZER<br>
United States District Judge